## In re FALCONER WORSTED MILLS.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

### No. 56.

MORTGAGES (§ 245*)—ASSIGNMENT AS SECURITY.

Where a bankrupt executed a collateral note to a trust company to secure it for all advances and liabilities, not exceeding the amount of the note, which the bankrupt thereafter withdrew to purchase a mortgage, which was thereupon assigned by the mortgagee to the trust company, the latter thereby acquired a valid pledge of the mortgage to secure its claim against the bankrupt.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. 605; Dec. Dig. § 245.*]

Appeal from the District Court of the United States for the Western District of New York.

The following is the opinion filed by Hazel, District Judge, in the court below:

The bankrupt corporation in fact owned the mortgage assigned to the Union Trust Company of Jamestown, N. Y.; it having purchased the same with its money. The contention of the trustee seems to entirely ignore the intention of the trust company and the bankrupt at the time of the execution and delivery of the collateral note, as is evidenced by its terms. Moreover, the referee found as a fact that on the day the collateral note was executed and turned over to the trust company the proceeds thereof were deposited to the credit of the bankrupt and thereafter withdrawn to pay for the mortgage, and that the mortgagee executed and delivered an assignment thereof to the trust company pursuant to understanding with the bankrupt. Under the circumstances the bankrupt manifestly could pledge the mortgage to secure its loans and liabilities to the trust company. Dougherty v. Remington Paper Co., 81 N. Y. 498; Barber v. Hathaway, 47 App. Div. 165, 62 N. Y. Supp. 329. The legal effect of the broad terms of the collateral note was to secure the bank for all advances and liabilities, not exceeding the amount of the note. See Gillett v. Bank, 160 N. Y. 549, 55 N. E. 292. The case cited is also authority for holding that the subsequently discounted note of $3,500, which

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was indorsed by the bankrupt, came under the pledge of the mortgage, and was acquired by the claimant from the payee in due course of business. The cases cited by the trustee in his brief do not seem to apply to the facts under consideration.

The report of the referee directing payment by the trustee of the balance, to wit, $2,000, as secured claim is affirmed.

C. A. Pickard, for appellant.
H. R. Lewis, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. Order affirmed, with costs, on opinion of Judge Hazel in District Court.